UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14005-CIV-MARRA/MAYNARD

DEIRDRE LEVESQUE AND
TIMOTHY LEVESQUE,

    Plaintiffs,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## REASONABLE ATTORNEYS' FEES AND COSTS

Plaintiff Deirdre Levesque was injured in an auto accident on August 2, 2011 and subsequently filed an uninsured/underinsured motorist ("UM") claim with her insurance carrier, Government Employees Insurance Company ("GEICO"). DE 370 at 2. On October 7, 2011, Plaintiff filed a Civil Remedy Notice ("CRN") pursuant to Fla. Stat. § 624.155 alleging that GEICO failed to properly evaluate her UM claim. *Id*. Under that statute, GEICO had until December 6, 2011 to cure the alleged violations listed in the CRN. *Id*.

On August 3, 2012, Mrs. Levesque and her husband, Timothy Levesque, filed a complaint against GEICO in state court to recover the UM benefits under their insurance policy. *Id*. On May 28, 2014, GEICO submitted a "confession of judgment" in the state case in the amount of the full policy limit of $100,000. DE 74-47. On September 15, 2014, the state court entered judgment against GEICO in the amount of the $100,000 policy limit. DE 74-53. The state court also entered an "Agreed Order Granting Taxable Costs," assessing $1,437.25 in taxable costs against GEICO. DE 364-2.

On December 16, 2014, Plaintiffs filed a bad faith lawsuit in state court against GEICO for its handling of the UM claim. The suit was removed to federal court based on diversity jurisdiction. DE 1. The case went to trial in May 2017, and Plaintiffs prevailed. The jury found that GEICO had acted in bad faith in handling the claim and awarded Plaintiffs $317,200 in damages. DE 300. GEICO moved for a determination of set off which was granted by the District Judge. After accounting for monies received from other insurance sources, Plaintiffs' award was reduced to zero and judgment was entered in favor of GEICO. DE 323.

Plaintiffs moved to alter the judgment seeking, in part, an award of attorneys' fees incurred in the UM suit in state court. DE 324. That motion was denied based on a pretrial stipulation between the parties. DE 331. Plaintiffs appealed. The Eleventh Circuit reversed in part, finding that the parties' pretrial agreement did not prevent the court from awarding attorneys' fees. *Levesque v. Gov't Emps. Ins. Co.*, 817 F. App'x 670, 671 (11th Cir. 2020). The Eleventh Circuit remanded the case to the District Court to determine the amount of reasonable attorneys' fees incurred by the Plaintiffs in their initial lawsuit. *Id*. Plaintiffs filed a motion requesting an evidentiary hearing, DE 364, and the District Judge granted Plaintiffs' request in part by allowing the parties to submit evidentiary proof of fees and costs incurred during the relevant time period. De 370 at 9. The District Judge referred the matter to the undersigned for a report and recommendation on the amount of fees and costs. *Id.* at 9-10. The question of whether an evidentiary hearing was necessary was left to the undersigned's discretion. *Id*.

On March 11, 2021, the undersigned heard oral arguments from the parties and determined that an evidentiary hearing was unnecessary. DE 393. The matter is now ripe for review.

**DISCUSSION**

I.  **Attorney Fees**

Under Florida law, when a plaintiff prevails against their insurer for UM benefits, the plaintiff may later bring a separate action based on the insurer's bad faith in handling the UM claim. Fla. Stat. § 624.155; *see generally Heritage Corp. of S. Fla. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 580 F. Supp. 2d 1294, 1295 (S.D. Fla. 2008); *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016). In these bad faith actions, plaintiffs may recover the total amount of their damages, including reasonable attorney's fees and costs incurred as a result of litigation necessitated by the insurer's delay in making payment. DE 370 at 6. The District Judge has established that Plaintiffs are entitled to recover their attorney fees for the time frame between October 7, 2011 (the date Plaintiffs filed their CRN) and May 28, 2014 (the date GEICO unconditionally tendered the full amount under the policy). This Court now considers how much that fee award should be.

Plaintiffs' lawyers submit fee records showing a total of $122,987.50 billed for legal work performed during the relevant time period. DE 372 at 7. However, Plaintiffs' expert, Attorney Richard M. Benrubi, reviewed these records and deducted time spent on tasks unrelated to Plaintiffs' claim against GEICO.[1] DE 371 at 10. After deducting amounts related to other activities, Attorney Benrubi recommends that Plaintiffs are due $109,412.50 in reasonable attorney's fees incurred during the relevant time period. GEICO, on the other hand, proposes an award of $50,664 in attorney's fees based on the recommendation of its own expert, Attorney

---

[1] Attorney Benrubi deducted time spent working on issues relating to Plaintiffs' claims for worker's compensation and benefits from another carrier, counsel's travel time, clerical tasks, and duplicative time entries. DE 371 at 10.

Kathy J. Maus. DE 386-1. Attorney Maus recommends that further reductions are warranted due to excessive rates, excessive hours, duplicative work, block billing, clerical/non-billable work, and work performed in connection with unrelated matters. *Id*. at ¶21.[2]

As an initial matter, the undersigned notes that Plaintiffs may not bill the Defendant *carte blanche* for their attorney fees. The submitted invoice is not the sole measure of the court-awarded attorney fee. *See McGowan v. King, Inc.*, 661 F.2d 48, 50 (5th Cir. 1981). Nor may a court be generous with another's money when compelling payment of attorney fees*. See FIU v. Fla. Nat'l University, Inc.*, 2019 WL 3412159, *2 (S.D. Fla. 2019). Statutory fee-shifting is not meant to give the prevailing party or its attorney a windfall. *See Fox v. Vice*, 563 U.S. 826, 837 (2011). Its purpose "is to fairly compensate counsel for the value of their work." *See In re Home Depot, Inc.*, 931 F.3d 1065, 1085 (11th Cir. 2019). Thus, the prevailing party only may recover a fee that is objectively reasonable. *See Kearney v. Auto-Owners Ins. Co.,* 713 F.Supp.2d 1369, 1373-74 (M.D. Fla. 2010). That reasonable fee, called the "lodestar" fee, is the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The goal of using an objective standard is to make fee assessments simpler, more uniform, and more predictable. *See In re Home Depot, Inc.*, 931 F.3d at 1084.

Case law requires the fee movant to show good billing judgment. The prevailing party's attorneys should submit to the losing party the same bill that the attorneys would expect their own client to pay. Good billing judgment entails excluding work hours that are excessive, redundant,

---

[2] GEICO spends much of its brief arguing that Plaintiffs are not entitled to a multiplier, DE 386 at 2, 7-9, and GEICO's expert opines on this issue as well, DE 386-1 at 2-5. Plaintiffs do not seek a multiplier, so the undersigned does not address GEICO's arguments in this regard.

or otherwise unnecessary. It also means billing in a cost-effective way such as by enlisting associate attorneys and paralegals to do as much work as possible at their cheaper hourly rates. *See generally, Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Where the fee movant does not practice good billing judgment, "courts are obliged to do it for them." *See Barnes*, 168 F.3d at 428. *See also, Hithon v. Tyson Foods, Inc.,* 566 Fed.Appx. 827, 829 (11th Cir. 2014) (affirming an 80% reduction of a $2.9 million fee claim for a $364,000 recovery because of the fee-movant's failure to exercise good billing judgment).

As the fee movants in this case, Plaintiffs have the burden to demonstrate the reasonableness of the requested fee. That burden is met by proffering specific and detailed evidence to the Court. *See Barnes*, 168 F.3d at 427. In support of their fee claim, the Plaintiffs proffer extensive billing invoices, declarations by the billing attorneys, and a report from their expert witness, Attorney Benrubi. Although the burden of persuasion belongs to Plaintiffs, this Court is its own expert on the matter. Ultimately this Court may rely on its own knowledge and experience in assessing the reasonable lodestar fee. *See Butler v. Crosby*, 2005 WL 3970740, *7-8 (M.D. Fla. 2005).

### A.   The Reasonable Hourly Rate

The first component of the lodestar fee is the reasonable hourly rate. Case law defines the reasonable hourly rate as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Barnes*, 168 F.3d at 436.  For this case, the relevant legal community includes the counties within the Fort

Pierce Division of the Southern District of Florida.³  Moreover, the reasonable hourly rate is not the rate of the attorney with the most experience but rather the rate of an attorney with a reasonable degree of experience. *See FIU*, 2019 WL 3412159 at *2.  An above-market hourly rate implies expertise and proficiency. Expertise and proficiency in turn imply efficiency. *See James v. Wash Depot Holdings, Inc.,* 489 F.Supp.2d 1341, 1350 (S.D. Fla. 2007) and *Perez v. Sanford-Orlando Kennel Club, Inc.*, 2007 WL 842771, *5 (M.D. Fla. 2007). This Court is its own expert on the question of what the reasonably hourly rate is for the local legal marketplace and for this kind of litigation. *See Loranger v. Stierheim*, 10 F.3d 776, n.8 (11th Cir. 1994). The Court is permitted to factor in its own knowledge and experience in making its determinations. *Id*.

Three attorneys and three paralegals from the law firm of Conroy Simberg, P.A. handled Plaintiffs' case during the relevant time period.  The Plaintiffs claim the hourly rates of: $550 for Michael Kast, Esq. (lead counsel), $350 for Donna Zmijewski (attorney), and $550 for Diane Tutt (appellate attorney), $150 for Yumeko Motley (paralegal), $125 for Diane Grande (paralegal), and $100 for Miranda Dutra (paralegal).  Although the relevant time period spans from 2011 to 2014, these appear to be the <u>current</u> hourly rates of the attorneys and paralegals referenced above. The Plaintiffs seek to apply these current hourly rates retroactively for the work done on this case that started a decade ago.

The Plaintiffs ably advocate in support of the claimed hourly rates. They describe each attorney and paralegal's experience and specialization at length.  Attorney Kast and Attorney Zmijewski performed the majority of the work in this case. Attorney Kast has 36 years of

---

³ The Fort Pierce Division of the Southern District of Florida includes Martin, St. Lucie, Indian River, Highlands and Okeechobee counties.

experience as an attorney and specializes in insurance defense. DE 372 at ¶ 11, DE 371-1. Attorney Zmijewski has 18 years of experience and has handled numerous uninsured/underinsured motorist cases. DE 372 at ¶ 12; DE 372-2. Attorney Tutt has 39 years of experience and has been lead counsel for over 700 appeals. DE 372 at ¶ 13; DE 372-3. Although Ms. Motely was a paralegal while she worked on the Plaintiffs' case, she also possessed a law degree at the time and is now a lawyer. DE 372 at ¶14; DE 372-4. Ms. Grande had over 30 years of experience as a paralegal when she worked on the case. DE 372 at ¶ 15.  Ms. Dutra was a relatively new paralegal.  Plaintiffs' expert explains that the hourly rates claimed are consistent with the prevailing legal market in the Southern and Middle District of Florida.  He also opines that the rates sought by Plaintiffs are reasonable due to the complexity of the case and the favorable result obtained.  DE 371 at ¶¶ 26, 30.

       While this Court generally accepts Plaintiffs' arguments, this Court also notes countervailing factors. The Plaintiffs claim that their hourly rates are consistent with the South Florida legal marketplace, but the Plaintiffs do not limit their argument to the legal marketplace for the Fort Pierce Division of the Southern District of Florida. Instead they draw rates from the Miami, Fort Lauderdale, West Palm Beach, and Orlando metropolitan areas. *See* e.g. *Kleiman v. Wright*, 2020 WL 1980601 (S.D. Fla. Mar. 17, 2020) (finding hourly rates of $675 and $500 reasonable for experienced attorneys in a fraud case in Palm Beach County); *Crossman v. USAA Cas. Ins. Co.*, 2020 WL 1172048, at *3 (M.D. Fla. Feb. 7, 2020) (finding an hourly rate of $450 to be reasonable in an insurance case in Orlando); *Domond v. PeopleNetwork APS*, 750 F. App'x 844 (11th Cir. 2018) (finding that the district court did not abuse its discretion in awarding the request hourly rates of $645 to $675 in a trademark infringement case in Miami); *Heron Dev.*

*Corp. v. Vacation Tours, Inc.*, 2019 WL 4694147 (S.D. Fla. Aug. 27, 2019) (finding an hourly rate of $550 to be reasonable for an intellectual property case in Miami); *Houston Specialty Ins. Co. v. Vaughn*, 2019 WL 4395287 (M.D. Fla. July 9, 2019) (finding hourly rates of $450 and $550 to be reasonable in an insurance case in the Tampa area). The prevailing market rates in these cities are higher than market rates in Fort Pierce, generally speaking.  Further, the Court is not convinced that the legal issues involved in litigating the underlying UM claim were particularly complex. *Compare* DE 371 at 10 (Plaintiffs' expert opining that this was not a "run of the mill" UM claim) *with* DE 386-1 at 3 (Defendant's expert opining that Plaintiffs' case was a standard UM case).  The Court also finds persuasive GEICO's argument that the hourly rates utilized should not reflect current market rates but should be commensurate with prevailing market rates when the work was performed.

Based on a review of the supporting documentation and rates in the relevant legal market during the applicable time period, the Court agrees that the hourly rates for Attorney Kast, Attorney Zmijewski, Attorney Tutt, and Ms. Motley are slightly higher than the prevailing hourly rates in the Fort Pierce Division and surrounding legal market during the relevant time period of 2011 to 2014. *See e.g. Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, 2013 WL 6729648, at *2 (S.D. Fla. Aug. 2, 2013) (an hourly rate of $400 appropriate in Palm Beach County legal market for an attorney with 25 years of insurance litigation experience); *Jaimes v. GEICO Gen. Ins. Co.*, 2013 WL 12249652, at *3 (S.D. Fla. Jan. 22, 2013) (hourly rate of $400 appropriate in Palm Beach County for attorneys with more than twenty years of experience in insurance litigation); *Kearney v. Auto-Owners Ins. Co.*, 2011 WL 1527262, at *3 (M.D. Fla. Apr. 21, 2011) (hourly rate of $300 appropriate in Hillsborough County for attorney with 32 years of experience in insurance case);

*Storfer v. Guarantee Tr. Life Ins. Co.*, 2011 WL 213461, at *3 (S.D. Fla. Jan. 21, 2011) (hourly rate of $350 was appropriate for attorney with 26 years of experience in Broward County). Considering the experience of the attorneys and paralegals, the complexity of the case, and the prevailing market rate, this Court recommends the following hourly rates: $425 for Attorney Kast, $325 for Attorney Zmijewski, $425 for Attorney Tutt, $125 for Ms. Motley, $125 for Ms. Grande, and $100 for Ms. Dutra.

B.  **The Reasonable Number of Hours**

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours worked in the case. The attorney's fees award must exclude compensation for time that would be "unreasonable to bill to a client" regardless of the experience of an attorney. *A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301). The party seeking fees has the burden to show specific evidence that will allow the Court to determine that a reasonable amount of time was spent on the case. *Id.* The party opposing a fee application must be specific and "reasonably precise" in objecting to the hours expended. *Id*. Nevertheless, as in the analysis of reasonable hourly rates, the Court is its own expert in determining reasonable hours spent working on a case. *Norman*, 836 F.2d at 1303. Where improper billing is applied, the Court must remove the hours that are "excessive, redundant, or otherwise unnecessary." *A.C.L.U. of Georgia*, 168 F.3d at 428.

In this case, Plaintiffs' expert says their attorneys and paralegals reasonably expended 346.1 hours on Plaintiffs' UM claim against GEICO. DE 371 at 11. Although Attorney Kast identified 378.8 hours of work during the relevant time period, DE 372 at ¶ 27, Plaintiffs' expert reduced this number based on his review and elimination of hours that related to other matters. DE

371-3. Plaintiffs' expert concluded generally that Plaintiffs' law firm used good billing judgment and worked efficiently to eliminate unnecessary work. DE 371 at ¶ 27. GEICO's expert, on the other hand, proffers that the total hours should be reduced even further to 214.3. *See* DE 386-1 at ¶ 23. GEICO's expert says she eliminated work performed on unrelated matters, excessive hours, duplicative work, block billing, and clerical/non-billable work. DE 386-1 at ¶ 21.

The undersigned finds the 346.1 hours calculated by Plaintiffs' expert to be reasonable. While Plaintiffs' expert reduced hours appropriately, the further reductions made by GEICO's expert are excessive and not adequately supported. For example, GEICO's expert provides no basis for her claim that Plaintiffs' counsel billed for work performed in connection with unrelated matters on March 28, 2013 and May 21, 2013. Entries for those dates indicate that counsel reviewed medical records for negotiating purposes and to prove damages. DE 386-2 at 36, 40. These entries appear to be related to the UM case and GEICO's expert does not explain why she believes otherwise. GEICO's expert also reduced time spent handling routine tasks such as drafting or reviewing discovery, trial preparation, review of the record, client communication, case strategy and damage calculation. *Id*. at 6-7, 19-20, 27, 34. Counsel's time on these tasks is not apparently unreasonable.

Having reduced the hourly rates sought by Plaintiffs, but maintained the hours expended, the undersigned's lodestar calculation is as follows:

| ATTORNEY | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Michael Kast, Esq. | 89.5 | $425 | $38,037.50 |
| Donna Zmijewski, Esq. | 122.7 | $325 | $39,877.50 |
| Diane Tutt, Esq. | 1.0 | $425 | $425.00 |

| PARALEGAL | HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Yumeko Motley | 19.6 | $125 | $2,450.00 |
| Diane Grande | 96.9 | $125 | $12,112.50 |
| Miranda Dutra | 16.4 | $100 | $1,640.00 |
| **TOTAL** | 346.1 | | **$94,542.50** |

The undersigned therefore recommends an award of $94,542.50 in "reasonable attorney's fees" for the time period between October 7, 2011 and May 28, 2014.

**II.     Costs**

Plaintiffs seek $2,729.24 in costs for service of deposition and records subpoenas, witness fees, copies of medical records and travel expenses. DE 372 at 10-11.[4] As proof of these costs, Plaintiffs submit a "matter ledger report," prepared by Plaintiffs' counsel, which lists a date, description, amount, code, and reference number for each expense related to Plaintiffs' case. DE 372-7. Plaintiffs also submit receipts and invoices from medical providers and legal vendors for photocopies of medical records. DE 389-3.

GEICO disputes these costs on several bases. First, GEICO argues that Plaintiffs failed to provide sufficient proof of their expenses in the form of invoices, receipts, or other verifiable documentation. Second, GEICO maintains that Plaintiffs failed to prove they were personally responsible for the costs submitted. Since only Plaintiffs – not their attorneys – may recover reasonable costs as compensation for damages under Fla. Stat. § 624.155(8), Plaintiffs' burden

---

[4] Plaintiffs paid costs in the amount of $6,675.88 from the $100,000 settlement they received from GEICO. DE 389-2; DE 364 at 4. Since the state court awarded "taxable" costs of $1,437.25, Plaintiffs initially claimed they were owed the remaining $5,238.63 as "reasonable" costs. DE 364 at 4. Plaintiffs subsequently lowered that amount to $2,729.24, DE 372 at 10-11, in part to exclude costs they could not substantiate.

was not met, GEICO contends. Lastly, GEICO argues that Plaintiffs waived their right to seek additional costs by stipulating to an award of taxable costs in the UM case. GEICO says Plaintiffs are estopped from seeking costs here if such costs were available to them, but not sought, in the underlying proceeding.

This Court addresses GEICO's last argument first. GEICO says Plaintiffs waived their right to seek recovery of reasonable costs by stipulating to a specific amount of taxable costs in the underlying UM case. This argument is unavailing. In determining Plaintiffs' entitlement to reasonable costs, Judge Marra concluded:

> To the extent Plaintiffs claim reasonable costs expended in their prosecution of the initial UM/UIM lawsuit during the relevant time period of delayed tender (10/7/11 through 5/28/14), the Court finds they are entitled to recovery of such costs as out-of-pocket damages suffered as a result of GEICO's delayed tender. The Court further finds that this amount is not necessarily fixed by the 'taxable' costs assessed in the underlying state court proceeding, and rejects GEICO's contention that Plaintiff waived the right to seek recovery of 'reasonable' costs by stipulating to the amount of 'taxable' costs in the state court proceeding.

DE 370 at 8. In other words, Judge Marra has already ruled on this issue, and the undersigned magistrate judge has no authority to reconsider it here.

Next, the Court addresses GEICO's argument that Plaintiffs were not personally responsible for the costs they now seek. In reply to this argument, Plaintiffs provide a "Closing Statement" from their attorneys, accounting for the $100,000 settlement received from GEICO in the underlying UM case. DE 389-2. The "Closing Statement" shows $6,675.88 was deducted from Plaintiffs' recovery to cover litigation costs. That amount includes many of the expenses Plaintiffs

now submit as "reasonable costs."  Thus, Plaintiffs have paid these expenses, which now constitute "out-of-pocket damages" suffered as a result of GEICO's delay in handling their claim.

Finally, the Court considers GEICO's argument that Plaintiffs fail to offer sufficient proof of some of their claimed expenses and finds it persuasive, at least in part.  Plaintiffs submit no receipts for the claimed $263.70 in costs for subpoena service and witness fees.   These costs are also not mentioned in the Closing Statement, which would show these expenses were deducted from Plaintiffs' recovery.  Consequently, this Court recommends that Plaintiffs have not adequately proved their entitlement to these costs.  The Court does not agree, however, that Plaintiffs have insufficiently documented the photocopy costs and their counsel's travel expenses.  Plaintiffs provide mileage for travel to meetings, depositions, and hearings in April 2013, May 2013, November 2013, and May 2014.  DE 372 at ¶ 36.  Plaintiffs were assessed costs for this mileage at .56 per mile (which is reasonable to the undersigned).  Plaintiffs' Closing Statement shows these travel expenses were deducted from their recovery.  DE 389-2 at 3.  GEICO does not dispute that counsel attended these meetings and hearings, or argue that these travel costs may not be awarded as a "reasonable" expense.[5]  Because Plaintiffs have established their lawyers' travel costs as "out-of-pocket damages," and because those expenses are reasonable, the undersigned recommends awarding them in this case.

---

[5] While the case law is somewhat unclear about whether attorney travel costs are "taxable," courts have found them to be "reasonable" costs that may be awarded under some circumstances depending on the contract or statute involved. *See, e.g., Fid. Life Ass'n v. Cohen*, 2017 WL 11220364, at *6 (S.D. Fla. Oct. 11, 2017) (allowing recovery of reasonable travel costs in breach of contract suit); *Graham v. R.J. Reynolds Tobacco Co.*, 2017 WL 6190643, at *3 (M.D. Fla. Nov. 17, 2017) (allowing recovery of reasonable travel costs pursuant to offer of judgment statute).  But see *Rodrigo v. State Farm Fla. Ins. Co.*, 166 So. 3d 933, 934 (Fla. 4th DCA 2015) (travel expenses may not be awarded as taxable costs except in extraordinary circumstances); *Miller v. Hayman*, 766 So. 2d 1116, 1119 (Fla. 4th DCA 2000) (travel expenses not generally taxable).

For these reasons, the undersigned finds that Plaintiffs reasonably incurred $2,465.54 in reasonable costs. This amount deducts expenses for which Plaintiffs did not provide receipts or invoices.

## CONCLUSION

**ACCORDINGLY**, this Court recommends to the District Court that Plaintiffs be awarded $**94,542.50** in attorney's fees and **$2,465.54** in costs reasonably incurred between October 7, 2011 and May 28, 2014.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Kenneth A. Marra, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 11th day of May, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE